## Cox, Appellant, *v.* Oil City.

*Municipalities—Officers—Policemen—Salaries.*

A policeman who enters upon his employment with the knowledge of a rule of the municipality that policemen should not receive compensation for the time they are off duty, is not entitled to receive his salary for the time he is relieved from actual duty by reason of sickness. Under such circumstances he is not within the rule that public officers are entitled to compensation during continuance in office.

Argued Oct. 6, 1893. Appeal, No. 357, Oct. T., 1893, by plaintiff, George Cox, from judgment of C. P. Venango Co., Aug. T., 1892, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for salary as policeman. Before TAYLOR, P. J.

At the trial, it appeared that plaintiff claimed to recover pay as policeman from Sept. 15, 1891, until April 26, 1892. On Sept. 15th plaintiff requested to be relieved from performing any actual duty by reason of sickness. He was laid off by the mayor and remained disabled from the performance of any duty as policeman until April 26, 1892, at which time he was discharged. After plaintiff was employed a regulation was adopted and promulgated that " policemen were only to be paid for the time when they were actually on duty." This regulation was made known to plaintiff, and during several months thereafter he was docked for absences, without objection.

When Thomas Nicholson, witness for defendant, was on the stand, the following offer was made by defendant:

Counsel: I propose to prove by the witness that W. G. Hunt, the mayor of Oil City, told the plaintiff he complained some about being docked too much, and the mayor told him that as a rule and regulation the police force were not to be paid for any

time except while they were on actual duty, and if he didn't like that he must leave the force, and his complaint was made that they docked him a little too much and that he didn't object to being part docked while not on actual duty. This conversation took place before Sept. 15, 1891. Objected to by plaintiff on the ground that it is incompetent, irrelevant and immaterial. Admitted; exception. [2]

" Q. I asked you, Mr. Nicholson, whether the mayor informed Mr. Cox what the city had to do when he was absent from duty?" Objected to by plaintiff as incompetent, irrelevant and immaterial. Admitted and exception. [3]

W. G. Hume, mayor, was asked by defendant: " Q. State whether or not there was any arrangements made between you and the committee on police?" Objected to. Objection overruled and exception. [4]

" Q. Was there anything said about his place being supplied when off duty, and if so what was it?" Objected to by plaintiff as incompetent, irrelevant and immaterial. Admitted and exception. [5]

" Q. Now from the 15th of September, 1891, till the latter part of April, 1892, state whether or not the city employed any person to take the plaintiff's place during his absence?" Objected to by plaintiff as incompetent, irrelevant and immaterial. Admitted and exception. [6]

Under objection and exception the following ordinance was admitted in evidence on behalf of defendant: " An ordinance to establish and regulate the police department of the city of Oil City. . . .

" Sec. 6. The mayor and committee on police are authorized to make rules for the government of the department, and to provide a badge and club for each member.

" Sec. 8. Each policeman on his appointment will be required to give his assent to obey all police rules and regulations.

" Sec. 9. All ordinances now in force, inconsistent herewith, are hereby repealed. This ordinance to take effect May 29, 1871."

The court gave binding instruction for defendant. [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) instruction, quoting it ; (2-6) rul-

ings on evidence, quoting the bills of exception but not the evidence ; (7) admission of ordinance, as above, quoting it.

*W. J. Breene, James F. Murphy* with him, for appellant, cited: Cooley on Taxation, 2d ed. 681; 1 Dillon, Mun. Corp. §§ 96, 210, 292, 385 ; Farrell v. Bridgeport, 45 Conn. 191 ; Elliott v. City, 75 Pa. 347 ; Butterwick v. Lowell City, 1 Allen, 172 ; Noon v. Salisbury Mills, 3 Allen, 340 ; Wilkes-Barre v. Meyers, 113 Pa. 395 ; Phila. v. Given, 60 Pa. 136 ; Com. v. Bacon, 6 S. & R. 322; Luzerne Co. Com. v. Trimmer, 95 Pa. 97 ; Sleigh v. U. S., 9 C. C. Ap. 369 ; 5 Wait's Actions and Defenses, 20 ; Phila. v. Rink, 17 W. N. 136 ; O'Leary v. New York City, 93 N. Y. 1 ; Act of March 1, 1871, P. L. 137 ; Act of May 23, 1889, P. L. 277 ; State v. Hauser, 63 Ind. 155 ; State v. Bell, 34 Ohio, 194 ; Budsall v. Clark, 73 N. Y. 73 ; St. Louis v. Clemens, 43 Mo. 395 ; Jackson v. Brush, 77 Ill. 59 ; Minneapolis Gas Light Co. v. Minneapolis, 36 Minn. 159 ; Matthews v. Alexandria, 68 Mo. 115 ; State v. Jersey City, 1 Dutch. 530 , Whyte v. Mayor, 2 Swan, Tenn. 364 ; State v. Bell, 34 Ohio, 194 ; 1 Mechem on Public Officers, § 1; Ayon v. French, 21 N. Y. Dailey Reg. No. 98, Sup. Ct., 14 Weekly Digest, 173.

*Isaac Ash, P. M. Speer* with him, for appellee, cited : Wilkes-Barre v. Meyers, 113 Pa. 395.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 23, 1893 :
This record presents the single question, whether the plaintiff, formerly a police officer of the city defendant, is entitled to recover compensation for the time he was relieved from actual duty, by reason of sickness. It appears that, upon his own request, and for the reason above stated, he was relieved from duty on September 15, 1891, and continued disabled for the performance of any duty until April 28, 1892, when he was discharged. It is conceded that, in the circumstances, defendant had a right to discharge him when he applied to be relieved from duty in September, 1891, and, if he had been discharged then, he would have had no claim on defendant for any compensation ; but, not having been discharged until the following April, his contention is that he is entitled to compensation in the meantime at the previous rate of $60 per month.

In view of the uncontradicted evidence the learned judge of the common pleas thought otherwise, and instructed the jury that they " must find for the defendant." This instruction is the subject of complaint in the first specification.

The undisputed evidence shows that for more than a year prior to the time plaintiff asked to be relieved, the rule or regulation that policemen should not receive compensation for the time they were off duty was enforced. This was well known to plaintiff, at least as early as May or June, 1890. At that time he was docked for fourteen days lost time. Having complained of this, the mayor informed him that the regulation would be enforced, and if he did not like it and was unwilling to be governed thereby, he could quit the service. All the men on the police force were informed of the regulation that no one would be paid for time he was off duty. When plaintiff was relieved on September 15, 1891, he was informed by the mayor that the city would employ a person to take his place while he was disabled. To this he made no objection, and accordingly a person was selected to serve in his stead, and was paid by the city defendant. At the end of that month, plaintiff, without objection, accepted pay for the first fifteen days of the month, during which time he was on duty. In December following, he resumed service, but finding himself unable to continue, he again withdrew and another was appointed to take his place. At the end of that month, he accepted, without objection, the compensation to which he was entitled for the number of days he actually served. His letter of February 20, 1892, to councils, in which he asks " for one half pay " for the time he had laid off on account of sickness, " or such pay as your honorable councils may think just and proper," shows that he did not regard the city liable to him for the time he was off duty. In view of these undisputed facts, we think the court was warranted in directing a verdict for defendant.

It is unnecessary to consider the proposition contended for by plaintiff, that he is within the rule that public officers are entitled to compensation during continuance in office, notwithstanding they are incapable of performing official duties by reason of involuntary disability. No such question is presented by the evidence in this case. On the contrary, it clearly appears that the plaintiff was in the service of the city with the

distinct understanding that he would not be paid for the time he was not on duty; and, by that rule, his right to recover was correctly determined.

The second to the sixth specifications, inclusive, are not according to rule, and therefore not entitled to notice; but, waiving that, there appears to be no error in either of the rulings therein complained of. Nor, was there any error in admitting in evidence the ordinance recited in the seventh and last specification.

We find no error in the record that requires a reversal of the judgment.

Judgment affirmed.